UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANAHI GABRIELA BARBECHO
QUINDE,

        Petitioner,

      v.

ARTHUR WILSON, *et al.*,

        Respondents.

Case No. 26–cv–06840–ESK

OPINION AND ORDER

**THIS MATTER** is before the Court on petitioner Anahi Gabriela Barbecho Quinde's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.) Respondents oppose the Petition. (ECF No. 6.)

1.    Petitioner is a citizen of Ecuador. (ECF No. 1 p. 7.) She entered the United States without inspection in September 2021. (*Id.*)

2.    She has lived in the United States since that time and has a seven-month-old child who is a United States citizen. (*Id.*) She is currently pregnant. (*Id.*)

3.    On June 5, 2026, the Highstown Police Department arrested petitioner for simple assault and harassment. (ECF No. 6–1 p. 2.) The charges are still pending. (*Id.*)

4.    Immigration and Customs Enforcement (ICE) took petitioner into custody after her arrest. (ECF No. 6–2.) Petitioner has been detained at Elizabeth Contract Detention Facility since that time. (ECF No. 1 p. 1.)

5.    Petitioner argues that her detention is unlawful and asks this court to order her immediate release or a bond hearing. (*Id.* p. 8.)

6.    Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7.    Respondents filed an answer on June 15, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because she is a noncitizen "who entered without admission or parole after inspection and was detained by immigration authorities in the interior of the country without having been lawfully admitted.   As such, she is an 'applicant for admission' who is not entitled to a bond hearing."   (ECF No. 6 p. 2.)

8.    I conclude that petitioner is being unlawfully detained under § 1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore she should have been detained under § 1226, which requires an opportunity to seek bond. *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025).

9.    I decline to allow respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests."   *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n. 8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

Accordingly,

**IT IS** on this    **17th** day of **June 2026    ORDERED** that:

1.    Petitioner's § 2241 Petition is **GRANTED**.   Within **24 hours** of this Order's entry, respondents shall **RELEASE** petitioner under the same conditions, if any, that existed prior to her detention, including, but not limited to, release: (1) within the State of New Jersey; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of detention, or other appropriate attire.

2.    Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license,

2

passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

3.      Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

4.      Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining petitioner under § 1225, which this Court has found inapplicable to her.

5.      Respondents shall not arrest, detain, or otherwise take petitioner into custody under 8 U.S.C. § 1226(a) for a period of **14 days** following her release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted.

6.      Any future detention or re-detention of petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process.

7.      To the extent that respondents seek to re-arrest or otherwise re-detain petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition.

8.      The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

3